**In re FILEX, INC., Alleged Debtor.**

**Bankruptcy No. 89 B 20669.**

United States Bankruptcy Court,
S.D. New York.

July 13, 1990.

Dow, Lohnes & Albertson, New York City, for alleged debtor.

Landau & Kleinbaum, New York City, for creditor; Gerald M. Kleinbaum, of counsel.

Salomon, Green & Ostrow, P.C., New York City, for Unofficial Creditors' Committee; Mitchell D. Levy, of counsel.

Eric J. Small, New Haven, Conn., Asst. U.S. trustee.

## DECISION ON MOTION FOR ORDER APPROVING DISCLOSURE STATEMENT, AUTHORIZING DEBTOR TO SOLICIT ACCEPTANCE OF ITS PLAN OF LIQUIDATION AND FIXING A FINAL DATE FOR RECEIPT OF VOTES UPON DEBTOR'S PLAN

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

This application presents what appears to be a matter of first impression, namely, whether a debtor in an involuntary Chapter 11 case, where no order for relief has been entered by the court, may join with its unofficial creditors' committee in seeking the court's approval for a disclosure statement authorizing the debtor to solicit acceptance of a proposed plan of liquidation. The proposed plan of liquidation provides that it shall terminate in the event of an entry of an order for relief against the debtor under the Bankruptcy Code. The debtor and its unofficial creditors' committee, including the four petitioning creditors, contemplate that they will seek a dismissal of the involuntary Chapter 11 petition if the proposed liquidation plan is accepted in writing by at least 65% of the total number of unsecured creditors and by at least 85% in amount of such claims. The debtor proposes to liquidate its assets with the consent of the unofficial creditors' committee under an escrow arrangement for distribution to the creditors by the escrow agent. Disputed claims will be resolved by an arbitrator in accordance with the rules of the American Arbitration Association. In the event of the entry of an order for relief under the Bankruptcy Code, the provisions of the proposed plan will not apply because in such event the Bankruptcy Code will supersede the provisions of the plan, including the fact that the court must resolve all disputed claims.

The proposed disclosure statement is complete and very detailed other than the fact that it contemplates a liquidation beyond the pale of the Bankruptcy Code. It contains more than adequate information "that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan" as required by 11 U.S.C. § 1125(a)(1). The debtor and its unofficial creditors' committee reason that the most expeditious, inexpensive method of implementing the proposed plan would be to avoid what they believe would be a lengthy and expensive confirmation process under the Bankruptcy Code. However, if the proposed plan is not accepted by the requisite number and amount of creditors, the debtor and the unofficial creditors' committee state that they will seek to have the plan confirmed by the Bankruptcy Court in accordance with the requirements of the Bankruptcy Code.

Bankruptcy Court approval is sought by the debtor and its unofficial creditors' committee because 11 U.S.C. § 1125(b) requires that after a bankruptcy case has been commenced, whether or not an order for relief has been entered, no solicitation of acceptances or rejections of a plan may be conducted before a disclosure statement is approved by the court after notice and a hearing. This requirement is expressed in 11 U.S.C. § 1125(b) as follows:

(b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

### Factual Background

The debtor, Filex, Inc., is a New York corporation that is presently a wholly owned subsidiary of another corporation, Irafile, Inc., which, in turn, is owned by two individuals, Ira Hainick and William Magro. From August 1987 to August

1989, the debtor was engaged in the manufacture and sale of steel office furniture, filing cabinets and steel desks at a leased facility in Ossining, New York. These products had been previously manufactured by another entity, known as Filex Steel Products Company, Inc. ("Old Filex"). On August 7, 1987 the debtor purchased the account receivables and inventory of Old Filex for $2,735,000.00 and assumed certain liabilities of Old Filex.

In order to finance its business operations and to reduce its obligations under a purchase note, the debtor entered into a revolving credit agreement with Fidelcor. Business Credit Corp. ("Fidelcor"), giving Fidelcor a secured interest in all of its assets in exchange for a loan of $1.9 million. The debtor also obtained a loan from PRC Tape Company, Inc. ("PRC") in the sum of $400,000.00, secured by a lien on the debtor's accounts and inventory, which was subordinated to the Fidelcor secured interest.

The debtor experienced financial difficulties after its acquisition of the business assets of Old Filex, with the result that its losses for the period ending December 31, 1987 were approximately $480,000.00. The debtor also incurred substantial liabilities to its employees and their union for health and welfare benefits, pension contributions and union dues. Accordingly, the debtor was forced to liquidate assets in order to make payments to secured and unsecured creditors. Ultimately, the debtor ceased its operations and is in the process of winding down its affairs. It has disposed of substantially all of its tangible assets and is collecting its account receivables. On July 19, 1989, the debtor held a meeting in New York City with its unsecured creditors to review the status of the debtor's economic difficulties. Representatives of the majority in amount of the unsecured creditors selected an unofficial creditors' committee to investigate the financial affairs of the debtor and to negotiate and formulate a plan for the payment of unsecured claims. The debtor and its counsel met on numerous occasions thereafter with the unofficial creditors' committee to pursue their joint efforts.

On September 11, 1989, four members of the unofficial creditors' committee filed with this court an involuntary petition for reorganization of the debtor under Chapter 11 of the Bankruptcy Code. The Chapter 11 petition was filed with the knowledge of the debtor and the unsecured creditors' committee for the purpose of maintaining the status quo in order to allow the committee an opportunity to scrutinize certain transactions and payments made by the debtor in connection with the sale of the debtor's inventory to a corporation in Alabama in June of 1989. Meanwhile, the debtor and the unofficial creditors' committee have negotiated the terms of a consensual plan of liquidation that seeks to maximize the repayment to unsecured creditors. The principal feature of the proposed plan is the consent of the requisite majority of creditors to have their claims resolved under a consensual plan which will not be confirmed by this court, because one of the basic components of the plan is that if the plan is accepted by the requisite number and amount of creditors, the debtor and the unsecured creditors' committee would seek dismissal of the involuntary bankruptcy case, following which distribution would proceed outside the jurisdiction of the Bankruptcy Court.

## DISCUSSION

The debtor and its unofficial creditors' committee seek to effect in court an out-of-court settlement of their interests, somewhat in the nature of an assignment for the benefit of creditors. However, in order to achieve their goal of an out-of-court settlement, they would like to solicit acceptances or rejections of their proposed plan of complete liquidation under the auspices of the automatic stay imposed under 11 U.S.C. § 362. They admittedly do not seek a confirmation of a Chapter 11 plan in this court and will proceed with a court-approved liquidating Chapter 11 plan only if they are unable to effect an out-of-court consensual settlement. The involuntary Chapter 11 petition was filed solely for the purpose of maintaining the status quo. The only reason the debtor and the un-

official creditors' committee seek approval of a disclosure statement is because while the debtor is in a case under title 11 of the Bankruptcy Code it may not solicit acceptances or rejections of its plan unless there is transmitted to the holders of claims or interests a disclosure statement approved by the court in accordance with 11 U.S.C. § 1125.

■ No order for relief has been entered in this Chapter 11 liquidation case because the four petitioning creditors, who are members of the unofficial creditors' committee have stipulated with the debtor to extend the debtor's time to answer the involuntary Chapter 11 petition. The parties in interest do not wish to effect a plan of reorganization under Chapter 11 of the Bankruptcy Code if they can avoid doing so. The proposed liquidation plan for which solicitation of acceptances or rejections is sought does not contemplate court approval. Indeed, the plan is patently unconfirmable under Chapter 11 of the Bankruptcy Court because it provides that all objections or disputes as to claims will be resolved by an arbitrator in accordance with the rules of the American Arbitration Association rather than by this court in accordance with 11 U.S.C. § 502. Accordingly, the proposed plan does not comply with the applicable provisions of title 11 of the Bankruptcy Code, which failure is an absolute bar to confirmation pursuant to 11 U.S.C. § 1129(a)(1).

### No Order For Relief

■ The absence of an order for relief in this involuntary Chapter 11 case does not *per se* bar the court from approving an otherwise satisfactory disclosure statement. There is no requirement under 11 U.S.C. § 1125 that the entry of an order for relief is a prerequisite to the court's approval of a disclosure statement. Indeed, as expressly provided by Bankruptcy Rule 3018(b), "[a]cceptances or rejections of a plan may be obtained before the commencement of a case …". Additionally, 11 U.S.C. § 1126(b) recognizes the solicitation of acceptances or rejections of proposed Chapter 11 plans before the commencement

of a Chapter 11 case if such solicitation complies with the requirement of adequate disclosure of information under governing nonbankruptcy law, or if none, by disclosure of adequate information required under 11 U.S.C. § 1125(a). This requirement is expressed as follows:

(b) For the purposes of subsection (c) and (d) of this section, a holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if—

(1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or

(2) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

■ In the instant case, the solicitation of acceptances or rejections of the proposed plan is sought after the commencement of this involuntary case, but before the entry of an order for relief in accordance with 11 U.S.C. § 303(h). The crucial issue is whether or not this court should approve a disclosure statement which is conditioned on the fact that no order for relief will be entered with respect to a proposed plan which is barred from confirmation by 11 U.S.C. § 1129(a)(1) because it does not comply with the applicable provisions of title 11. Thus, this court's approval of the debtor's disclosure statement is a condition precedent to the consensual dismissal of this involuntary Chapter 11 case by the petitioning creditors and the debtor upon their obtaining the requisite acceptances of the proposed plan after the court's approval of the disclosure statement.

The debtor and the petitioning creditors could have proceeded with a proposed out-of-court settlement without obtaining this court's approval of their disclosure statement had they not filed the involuntary Chapter 11 petition. The only reason for

the involuntary Chapter 11 petition was the need to maintain the status quo during the solicitation process. This objective was satisfied by the imposition of the automatic stay imposed under 11 U.S.C. § 362 when the involuntary Chapter 11 petition was filed. After the automatic stay serves its purpose and the requisite acceptances are obtained the parties will no longer need the benign benefits of Chapter 11 and candidly admit that they will proceed to dismiss the Chapter 11 case because they do not intend to satisfy the confirmation requirements mandated by 11 U.S.C. § 1129. Hence, the court's approval of a disclosure statement is sought only because they commenced a Chapter 11 case and they commenced a Chapter 11 case only for the purpose of obtaining the blessings under the automatic stay until their plan is accepted by the requisite number and amount of claims, after which they will seek to dismiss the Chapter 11 case because the proposed plan and the accompanying disclosure statement do not contemplate a reorganization under the Bankruptcy Code.

 This court may not be used for the sole purpose of maintaining the status quo when the debtor and the petitioning creditors do not seek a confirmation under 11 U.S.C. § 1129. The proposed plan and the disclosure statement describing the plan provide that the court's approval of the disclosure statement is simply a step in the process of an out-of-court settlement with respect to a plan which is unconfirmable under 11 U.S.C. § 1129. In these circumstances, this court will not approve a disclosure statement for an admittedly unconfirmable plan. It is not the absence of an order for relief which causes this court to reject the parties' invitation to implement their nonbankruptcy settlement, but the fact that no reorganization is either contemplated or possible under the plan for which court approval of the disclosure statement is sought. Only those plans which have been proposed in good faith and patently comply with the applicable provisions of the Bankruptcy Code will pass muster for disclosure purposes.

The court's refusal to approve the disclosure statement should not be taken as an indication that out-of-court workouts should not be encouraged. On the contrary, the Bankruptcy Code encourages workouts outside of Chapter 11. Such workouts are expeditious, because at times the formal Chapter 11 machinery may be time-consuming and expensive; delay is the most costly element in any bankruptcy proceeding. *See In re Colonial Ford, Inc.*, 24 B.R. 1014, 1016 (Bankr.D.Utah 1982). In the *Colonial Ford* case, it was noted that acceptances obtained before the commencement of the filing of a Chapter 11 case may be counted in the voting if there was adequate prepetition disclosure, but that a dismissal of the case pursuant to 11 U.S.C. § 305(a)(1) better served the interests of the debtor and its creditors. 24 B.R. at 1023. Hence, when the parties seek a quick and inexpensive out-of-court workout, there is no need for a disclosure statement because the confirmation process delineated in Chapter 11 will not be followed. A court approval of a disclosure statement for a plan which will not, nor can not, be confirmed by the Bankruptcy Court is a misleading and artificial charade which should not bear the imprimatur of the court.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The debtor's application for court approval of its disclosure statement for a plan with respect to which confirmation will not be sought, and which does not satisfy the confirmation requirements under 11 U.S.C. § 1129, is denied.

IT IS SO ORDERED.